UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H.,[1]<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:21-cv-08758-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Michael H. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkts. 21 ("Pl. Br."), 22 ("Def. Br."), 23 ("Reply")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons set forth below, the Court finds that this matter should be remanded.

---

[1]   In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB on February 2, 2017. [Dkt. 17, Administrative Record ("AR") 116, 260-61.] Plaintiff alleges a disability onset date of August 31, 2015. [AR 22, 72.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 133-36, 140-44.]

Plaintiff's first administrative hearing was held on April 12, 2019. [AR 35-66.] A decision denying benefits was issued on June 20, 2019. [AR 116-23.] On August 5, 2020, the Appeals Council remanded the case for further proceedings. [AR 128-31.]

On December 15, 2020, Administrative Law Judge Diana Coburn ("the ALJ") presided over a telephone hearing on remand. [AR 22, 67-88.] On January 27, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 20-29.] *See* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of August 31, 2015, through his date last insured of March 31, 2017. [AR 22.] At step two, the ALJ determined that Plaintiff has the following severe impairments: bilateral carpal tunnel syndrome; left hand and middle finger sprain/strain; bilateral DeQuervain's tenosynovitis; lumbar disc bulge; and mild osteoarthritis in the left hand first carpometacarpal joint. [AR 22-23.] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 18.] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 416.967(c), but Plaintiff is limited to frequent postural activities, fine and gross manipulation bilaterally, and exposure to dangerous and moving machinery and unprotected heights. [AR 23.] At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. [AR 27.]

At step five, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy. [AR 28.] Therefore, the ALJ concluded that Plaintiff was not under a disability from the alleged onset date of August 31, 2015, through the date last insured of March 31, 2017. [AR 29.]

The Appeals Council denied review of the ALJ's decision on September 22, 2021. [AR 1-6.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. The ALJ failed to properly evaluate medical opinion evidence. [Pl. Br. at 4-10.]
2. The ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's subjective testimony. [Pl. Br. at 10-13.]

The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Def. Br. at 1-16.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is

susceptible to more than one rational interpretation.'" *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or that, despite the error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.   DISCUSSION

Plaintiff contends that the ALJ erred by discounting his subjective symptom testimony without stating legally sufficient reasons for doing so. As discussed below, the Court agrees with Plaintiff and finds that remand is appropriate.

In evaluating a claimant's subjective complaints, an ALJ must engage in a two-step analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 416.929. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first step and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ must specifically identify the symptom testimony that is being rejected and the "facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also* Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304, *4

(S.S.A. Oct. 25, 2017) (explaining that the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit [his] ... ability to perform work-related activities ....").

Here, Plaintiff testified that he has been unable to work due to hand and lower back pain. [AR 75-77.] Plaintiff stated that he has trouble gripping, handling, lifting more than 10 to 15 pounds, walking more than one block, and performing daily activities for more than 10 to 15 minutes. [AR 75-76, 78-79.] In an Exertion Questionnaire, Plaintiff reported that he cannot drive more than 5 miles, as he experiences severe pain from gripping the steering wheel. [AR 342.]

The ALJ found that Plaintiff's subjective complaints were inconsistent with "the unremarkable to mild objective findings" in the medical record. [AR 24-26.] The ALJ summarized the medical evidence as to each of Plaintiff's severe impairments and repeatedly asserted that the evidence revealed only "minimal," "mild," and "normal" findings. [AR 25-26 "minimal disc bulges at L4-5," "minimal disc bulging," "mild CTS," "mild osteoarthritic changes of the first carpometacarpal joint," "mild osteoarthritis of the left hand," "mild CTS in his upper extremities," "mild disc bulging in the lumbar spine," "normal range of motion throughout the upper extremities," "normal motor strength," "EMG findings of the lower extremities were within normal limits," "grossly normal gait," "normal EMG and nerve conduction studies of the lower extremities," "grossly normal range of motion of the upper extremities and fingers," and "normal motor strength and sensation throughout").] While objective medical evidence is a useful factor to consider in evaluating the intensity and persistence of symptoms, the lack of corroborating medical evidence cannot provide the sole basis for rejecting subjective symptom testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) ("an ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence'") (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ further found that Plaintiff's treatment was conservative and routine, because it consisted of physical therapy, acupuncture and medication management. [AR 24-26.] The conservative nature of a claimant's treatment may factor into the evaluation of a claimant's subjective complaints. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). In the present case, however, the record reveals that Plaintiff's doctors recommended bilateral carpal tunnel decompression surgery,[2] narcotic pain medication (tramadol), and steroid injections. [AR 24, 415, 428, 432, 440, 444, 510, 527, 539, 563, 573, 699.] Such treatments cannot properly be characterized as "conservative" within the meaning of Ninth Circuit jurisprudence. *See, e.g., Aguilar v. Colvin*, No. CV 13-08307-VBK, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications."); *Sanchez v. Colvin*, No. CV 12-4061-SP, 2013 WL 1319667, at *4 (C.D. Cal. Mar. 29, 2013) ("Surgery is not conservative treatment."); *Christie v. Astrue*, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011) (refusing to characterize as "conservative," treatment that included narcotic pain medication and steroid injections).

Defendant argues that Plaintiff's treatment was conservative, because he did not undergo any surgical procedures or receive cortisone injections prior to his date last insured of March 31, 2017. [Def. Br. at 6-7.] The ALJ, however, did not cite Plaintiff's failure to receive treatment prior to the date last insured as a factor in discounting Plaintiff's subjective complaints. *See Orn*, 495 F.3d at 630; *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's credibility decision based on reasons not cited by the ALJ). Moreover, the recommendations for surgery and steroid injections were documented in Plaintiff's medical records well before Plaintiff's date last insured. [AR 427, 563, 699.] Although surgery was ultimately denied by Plaintiff's insurance carrier and Plaintiff did not receive his

---

[2] The ALJ noted that Plaintiff's insurance carrier declined to approve bilateral carpal tunnel decompression surgery. [AR 24.]

6

first steroid injection until January 2018, evidence post-dating the date last insured is probative of Plaintiff's pre-date last insured impairments. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition.").

      The Defendant also asserts that Plaintiff responded favorably to conservative treatment. [Def. Brief at 15; AR 24-25.] Defendant points out that Plaintiff's acupuncture reports from February and March 2015 reflect improvement in some of his symptoms (*i.e.*, increased range of motion, strength, endurance, ability to perform activities of daily living, and reduced pain) and Plaintiff indicated in March 2016 that physical therapy and acupuncture "arguably helped." [AR 24, 666, 670, 693.] However, the record overall indicates that Plaintiff's improvement was partial or temporary. [AR 24, 666, 670.] In June 2015, Plaintiff's doctor, Dr. Katzen, recommended Plaintiff undergo surgical carpal tunnel decompression, as Plaintiff "failed conservative treatment" and had "not improved" following six months of non-surgical treatment. [AR 427-28.] In February and March 2016, Dr. Katzen also reported that Plaintiff's carpal tunnel syndrome had worsened and was likely to result in permanent impairments without decompression surgery. [AR 456, 464.] Thus, the record shows that despite experiencing temporary periods of improvement from acupuncture treatments, Plaintiff continued to experience pain and symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (ALJ may not simply "pick out a few isolated instances of improvement over a period of months or years and [ ] treat them as a basis for concluding a claimant is capable of working."); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ should take "holistic review of the record" in evaluating medical opinions).

      Accordingly, the ALJ's consideration of Plaintiff's subjective symptom testimony is not supported by substantial evidence.

# V. REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo*, 871 F.3d at 682. It may be appropriate to direct an immediate award of benefits when the record has been fully developed, no useful purpose would be served by further proceedings, and the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1019). But when there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1021; *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

In this case, there are outstanding issues that must be resolved before a proper disability determination can be made. The ALJ made numerous, detailed findings based on the objective medical evidence that raise questions about Plaintiff's level of functioning. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1104 (9th Cir. 2014) (finding that the record was "uncertain and ambiguous" and remand was warranted where there were "significant factual conflicts in the record between [the plaintiff's] testimony and objective medical evidence"). Therefore, the Court remands this case for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether there are any issues outstanding, as 'this reverses the required order of analysis.'") (quoting *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)); *see also Treichler*, 775 F.3d at 1106 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.").

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## VI.   CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED:  March 7, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE